**E-FILED**
Tuesday, 26 October, 2004  10:01:32 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

LARRY D. HALL,                    )
                                  )
        Petitioner,               )
                                  )
    v.                            )        Case No. 04-1162
                                  )
UNITED STATES,                    )
                                  )
        Respondent.               )

# <u>O R D E R</u>

Before the Court is Larry Hall's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1].  In 1994, Hall was indicted for kidnaping a child and transporting her across state lines for the purpose of sexual gratification, in violation of 18 U.S.C. § 1201 (a)(1).  A jury convicted him in 1995, but the Seventh Circuit vacated the conviction and ordered a new trial.  A second jury convicted him in 1997.  The Seventh Circuit affirmed the second conviction, and the Supreme Court denied a writ of certiorari on June 21, 1999.  Hall filed the instant motion on May 21, 2004.

Hall acknowledges that his motion is untimely, however, he argues the time limit should be tolled based on his mental incapacity.  He alleges that his IQ is "in the 70's," and that he has been "under constant observation and treatment with the use of mind-numbing drugs" since his incarceration began.[1]  The inmate assisting Hall to complete the petition attested:

> [I]t has taken me two years of probing and looking through the limited legal papers Larry has to begin to formulate the right questions to ask; that Larry has what

---

[1]Evidently, Hall had substantial assistance from another inmate in drafting the motion.

> I deem an almost photographic memory, but he has no
> ability to formulate a strategy or defense, that his
> answers to my questions have helped me understand what
> went wrong and what should have taken place but didn't.
> . . . I am convinced that Larry is completely unable to
> prepare a motion of any kind on his own; that he has been
> under medication for depression ever since I've known
> him. . . . [A]lthough Larry obviously suffers from a low
> I.Q., his memory is virtually flawless and he never has
> difficulty answering my questions but cannot come up with
> questions that need to be asked himself.

Although equitable tolling is possible under section 2255, the Seventh Circuit has yet to identify circumstances justifying it in the context of collateral relief. See Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004). However, other courts have recognized that a person's mental condition may support equitable tolling in habeas actions. See Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (evidentiary hearing was warranted with respect to federal habeas petitioner's equitable tolling claim, where petitioner, who originally filed petition pro se, presented evidence of ongoing periods of mental incompetency and also alleged that his counsel in state postconviction proceedings effectively abandoned him and prevented him from filing his habeas petition on time).

Still, the Court finds Hall has not submitted any proof to support his allegation that he has been mentally incapacitated for the past five years so as to prevent his filing of a section 2255 motion. See Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996) (for hearing to be granted on habeas corpus petition, petition must be accompanied by detailed and specific affidavit which shows that petitioner had actual proof of allegations going beyond mere unsupported assertions). To the contrary, the inmate affidavit submitted in support of Hall's motion indicates that Hall

2

is quite capable of reciting the facts of his case, and that he was able to seek help with his case two years ago.  There is nothing in the record to show that Hall's mental difficulties precluded him from seeking assistance sooner, or that assistance was unavailable at an earlier date.

Accordingly, Hall's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED as untimely.

CASE TERMINATED.

ENTERED this <u>26th</u> day of October, 2004.


s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
Chief United States District Judge